DAY vs. THE STATE.

1. Upon a change of venue, the clerk of the court to which the cause was removed omitted to endorse upon the transcript, the time when it was filed in his office; the defendant appeared and continued the cause; at the next term the court directed the clerk to endorse upon the transcript, the time when it was filed. Held not sufficient cause for arresting the judgment of the court.

Day vs. The State.

2. The evidence of general bad character of a witness should not be confined to the single fact of want of veracity on oath.

## APPEAL from Newton Circuit Court.

HENDRICK, for appellant.

This was an indictment for larceny, and upon the trial it appeared, that the colts charged to charged to have been stolen, came to the residence of the appellant without his knowledge, and when he was from home, and remained there some time at his stallion's stable, and the appellant's possession was not only not felonious, originally, but lawful; having taken them up as strays. It appears also from the evidence on the part of the State, that the conduct of the appellant was open and notorious, sufficiently so to give the real owner of the colts every opportunity to sue him in trespass. It is insisted by the appellant, that his original possession not being felonious, and his subsequent conduct amounting at most to nothing more than a trespass, he cannot be guilty of a larceny. To sustain this position, the appellant relies upon upon the principle, that if the original taking be not felonious, no subsequent act will make it felony. And also, that when the conduct of the prisoner was open :and public, there can be no felony implied, but at most a trespass. The circuit court therefore erred in refusing to grant a new trial.

ROBARDS, Attorney General, for the State.

1. The first point presented in the record is the action of the circuit court in reference to the transcript from the Barry circuit court. At the September term, 1849, of the Barry circuit court, the defendant was indicted for larceny, and at the same term obtained a change of venue to the Newton circuit court. A correct transcript of the record was made out and filed with the clerk of the Newton circuit court in the same month. This transcript was not marked filed by the clerk at the time it was deposited in his office. At the September term of the Newton circuit court, upon the application of the defendant, the cause was continued. At the April term, 1850, after the jury was sworn, the attorney for the State asked that the clerk be permitted to endorse the transcript as filed, "*nunc pro tunc*," which was done after the court satisfied himself that it had been on file since the 30th day of October, 1849. The court did right. The endorsement by the clerk does not constitute the filing, but is *prima facie* evidence of the time of filing. This marking by the clerk avoids confusion and fixes the time in the first instance. If the clerk neglects to endorse the filing, it may be proved by other evidence. As no other objection was made to the record, this court will consider no other.

2. The second point is as to sufficiency of the indictment. It is strictly correct.

3. The weight of evidence is in favor of the verdict of the jury and should not be disturbed.

4. The court refused the defendant's counsel to ask the witnesses, who testified as to the character of Rachel Murdock, whether they had ever "heard any person speak of her general character when on oath before she gave evidence in this case." I know the rule of law is, that when a witness speaks of the character of another for truth, his means of knowledge and the facts upon which he found his opinion, may be enquired into. Three witnesses swore they knew her general character for truth, and that they would not believe her on oath. The defendant stated to A. Reed and A. Brown that the colts were McKinney's, and yet he proves by this witness, Murdock, that he did not know whose they were. She is positively contradicted by these two witnesses. But the refusal of the court to allow this question to be answered, could not affect the defendant's case. If the jury had believed every word she

Day vs. The State.

stated, it could not have changed their verdict. She proved his taking the colts, and attempted to prove facts which would remove the felonious intent fixed upon him by other witnesses; the facts failed to have this effect, but the jury had a right to determine whether they would take as true, her statement, or the evidence of three or four unimpeached witnesses.

5. The instructions given on behalf the State, are substantially correct They present the case very properly before the jury.

6. Every instruction asked by the defendant and given was wrong, and if the verdict was against them, it is in accordance with the facts and the other instructions. The 3rd, 4th, 5th 6th and 7th, are substantially the same. They all assert, in different language, that if the defendant did not conceive the felonious intent at the time he got the colts in possession, but only afterwards, that he is guilty only of a trespass. There is a rule of law, that when the original taking of goods is not *"animo furandi,"* a subsequent conversion will not constitute it larceny; but this rule applies to cases where a person comes to possession of goods lawfully, such as, by bailment, by finding, as servant of another, by claim of supposed right. But the facts of this case show beyond a doubt, that the defendant never had possession of the property by consent of the owner, or by lawful authority. The owner never parted with his possession.

Roscoe on Crim. Evidence. 466; 4 Book of Blackstone's Com. page 179, note 3; Wheelers Crim. Cases, vol. 1, page 166, note *.

The first instruction is, that possession of stolen property does not raise such presumption of guilt as to require the defendant to prove his good character to rebut it. Possession of stolen property is such presumption of guilt as to require the defendant to rebut it; whether he rebuts it by proof of good character, or otherwise depends upon the circumstances of his particular case.

The second instruction to the jury is, that the defendant is not bound to prove his good character, until it is attacked by the State. The very reverse of this is the law.

Roscoe Ev. 73. All this error is in favor of the defendant, and is no ground of complaint by him.

RYLAND, Judge, delivered the opinion of the court.

This was an indictment for grand larceny, found by the grand jury of Barry county, against the defendant, John Day, and one Jackson Ellis.

The defendant, Day, prayed for a change of venue, and it was ordered by the court, and the case was sent to Newton county. The transcript of the record and proceedings was delivered to the clerk of the Newton circuit court some time in the month of October, in the year 1849; but the clerk omitted to endorse on the transcript the day the same was filed with him.

At the first term of the Newton circuit court, which was held after the change of venue in this case, and which commenced on the 30th day of October, 1849, the defendant moved to have the case continued, which was done accordingly. At the next term of said court the case was called for trial.

The defendant stood mute, and refused to plead. The court directed the plea of not guilty to be entered, and a jury to be sworn and em-

pannelled to try the issue. After the jury was sworn, the circuit attorney discovering that the clerk had omitted to endorse the time of the filing on the transcript of the record and proceedings had in this case in Barry circuit court, moved the court to permit the clerk to endorse the day of the filing of the same, now, for then. The court examined the deputy clerk as to the time when said transcript was placed in the clerk's office, and being satisfied that the same had been delivered to the clerk about the time mentioned above, directed the clerk to endorse the same by putting the time of filing thereon. This the defendant excepted to, and tendered his bill of exceptions, setting forth the substance of the above facts. This action of the circuit court is relied on as one of the reasons for reversing the judgment in this case.

The trial was had ; the jury found the defendant guilty, and assessed his punishment to five years imprisonment in the State Penitentiary.

All the instructions asked for by the State, as well as all asked for by the defendant, were given to the jury. After verdict, the defendant moved for a new trial, assigning the following reasons, among others : "Because the defendant was tried on an indictment which never was properly in this court, previous to the entering of the plea and the swearing of the jury." "Because the court rejected evidence that ought to have been admitted."

The bill of exceptions shows, that after the State had closed her evidence in chief, the defendant read the deposition of one Rachel Murdock, and closed his defence. The State then introduced witnesses to impeach the credibility of the defendant's witness, Murdock, by stating her general character. William Curry, a witness, stated that he was acquainted with the general character of Rachel Murdock for truth and veracity ; that it was bad ; that from her general character he could not believe her on oath. Defendant then asked Curry, "If he had heard any person speak of her general character when on oath, before she gave evidence in this case , and if so, what did they say ?"

To this question the State, by her attorney, objected ; the court sustained the objection, and the defendant, excepted. This appears as the only objection made to any evidence given on the trial for either party, and was the only question which the court refused to permit to be answered.

The court overruled the motion for a new trial. The defendant then moved in arrest of judgment, assigning as reasons the act of the court in permitting the transcript of the record and proceedings to be marked filed, as before noticed, "that there was no sufficient indictment in this case, before the plea was entered and the jury sworn." "That there

never was in this case any sufficient indictment properly in this court; and that the said indictment is informal, insufficient and uncertain."

The court overruled the motions for a new trial and in arrest of judgment. The defendant brings the case to this court by appeal.

The only grounds for our interference with the judgment of the circuit court relied upon, as appears from the record in this case, (there being no counsel in this court for the defendant,) are the acts of the court below, in directing the clerk to mark on the transcript the day when it was delivered to him, and the sustaining of the objection made by the circuit attorney to the question put by the defendant to witness, Curry, as above set forth.

We find nothing wrong or improper in the court ordering the clerk to mark the time on the transcript when it was filed. It was an act that could not probably operate to the injury of the defendant. It was marked as filed on the 30th day of October, 1849, the first day of the first term of Newton circuit court, to which the venue had been changed, after the order making such change; at which term and on which day, the defendant appeared and moved for a continuance, and filed therefor his affidavit. The case was continued. Now, what harm was done to the defendant, by the omission of the clerk to endorse the time on the transcript when it was first delivered to him? What effect could it have on the trial of the case before the jury? What influence on the defendant's privilege to summon witnesses, or to make preparation for trial? We can see no event arising from such omission, or from supplying it now, for then, that could have the least bearing on the trial. We, therefore, find nothing in this point.

As to the question which was asked of witness, Curry, it was not strictly legal, and might well have been overruled. We have regretted, however, to perceive such objections to questions which could not affect the case in any way.

In this case, it was to prove what other persons had said about the witness, Murdock's veracity on oath. We see it in the bill of exceptions, that the witnesses were asked on what they formed their opinion of her general bad character. We hold that the evidence of general bad character of a witness need not be confined to the single fact of want of veracity on oath. From the whole evidence, as preserved in the bill of exceptions, we think the defendant had the full benefit of the above question to witness, Curry, although the court refused to let the answer be made by witness.

The instructions given by the court for the defendant, were the most favorable that could have been given. The case was placed

before that jury in the fairest point of view for the defendant. Indeed the State might complain of some of these instructions as stretching the law to too great a length for the defendant; but of this defendant cannot complain. The indictment we consider sufficient. We have examined the whole record and proceedings in this case, and find no error requiring the action of this court to correct.

Let the judgment, therefore, be affirmed.